UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMEY, et al.,<br>     Plaintiffs,<br>v.<br>CINEMARK USA INC, et al.,<br>     Defendants. | Case No. 13-cv-05669-WHO<br><br>**ORDER DENYING MOTION TO DENY CERTIFICATION**<br>Re: Dkt. Nos. 70, 73, 74 |

## INTRODUCTION

Defendants Cinemark USA, Inc. and Century Theaters, Inc. have refused to produce classwide discovery, over the objection of plaintiffs. Instead, they moved to deny class certification, and have raised some serious questions about the ultimate ability of plaintiffs to obtain certification. However, plaintiffs are entitled to reasonable classwide discovery before this question is ripe for my determination. Defendants' motion is DENIED without prejudice.

## BACKGROUND

On December 3, 2012, plaintiffs Silken Brown and Mario De La Rosa filed a class action complaint against defendants Cinemark USA, Inc. and Century Theaters, Inc. in the Superior Court for San Francisco (*Brown* Complaint). After an amended complaint was filed in August 2013, the *Brown* Complaint was removed to this Court on August 29, 2013. On July 25, 2013, plaintiff Joseph Amey filed a class action complaint against defendant Cinemark USA, Inc. in Los Angeles County (*Amey* Complaint). On August 23, 2013, the *Amey* Complaint was removed to the Central District of California. Plaintiff Amey moved to transfer the case to the Northern District of California. Defendant did not object, and the case was transferred to the Northern District in December 2013. The *Amey* and *Brown* cases were related and then consolidated by stipulation of the parties on March 17, 2004, with the *Amey* case designated as lead case.

The *Amey* complaint alleges causes of action on behalf of "all non-exempt" employees of defendants for: (1) failure to provide meal and rest periods (Cal. Lab. Code §§ 226.7, 512); (2) unlawful failure to pay wages for all time worked (Cal. Lab. Code §§ 200-204, 510, 1194, and 1198); (3) failure to provide accurate time statements (Cal. Lab. Code §§ 226, 1174); (4) failure to page wages upon termination (Cal. Lab. Code § 203); (5) Unfair Business Competition (Cal. Prof. & Bus. Code § 17200); (6) violation of the Private Attorneys General Act (PAGA; Cal. Lab. Code § 2699). The same claims are asserted in the *Brown* Complaint, on behalf of concession workers and ushers.[1]

According to defendants – and not disputed by plaintiffs – there are 10,000 members of the putative class who work at 63 theaters across California. The class as pleaded between the *Amey* and *Brown* complaints – all non-exempt employees – covers 16 different job positions, including: Bartender, Box Office, Concessions Worker, Cook, Janitor, Kitchen Support Worker, Maintenance Worker, Maintenance Supervisor, Restaurant Worker, Security, Server, Ushers, Ushers-B (Ushers with Booth experience, meaning they are trained to operate the theatre's projection equipment), and VIP Room Worker, as well as Managers, Senior Assistant Managers, or Assistant Managers. *See* Def. Cinemark Resp. to Pls. Special Interrogatories (Set One), No. 3, attached as Exhibit 3 to the Declaration of Emily Burkhardt Vicente [Docket No. 71].

Plaintiff Joseph Amey is currently employed as an Assistant General Manager at the Greenback theater in Sacramento. He has worked for Cinemark since 2003, and held positions in Concessions and the Box Office before he was promoted to Assistant Store Manager in 2005. He has worked at four different theaters. Deposition of Joseph Amey, at 44:20 – 45:3, attached as Ex. 1 to Vicente Decl.

Plaintiff Silken Brown is a former employee who worked as a Concession Worker, Box Office Cashier, and Usher and performed some janitorial duties at the San Francisco-Westfield Mall theatre for seven months. Deposition of Silken Brown Dep. at 46:2 – 48:3, attached as Ex. 4 to Vicente Decl.

---

[1] The *Brown* Complaint also asserts a violation for failure to pay minimum wages due under Labor Code §§ 1194, 1197, 1197.1.

1    Plaintiff Mario De La Rosa is a former employee who worked as a Projectionist, Rover,
2 and in various Usher positions at the theatre in Tracy, California for one and one-half years.
3 Deposition of Mario De La Rosa at 35:10-15, 35:15-16, 64:10-21, 88:6-18, attached as Ex. 6 to the
4 Vicente Decl.

5    Defendants have produced to plaintiffs the personnel documents for the three named
6 plaintiffs (including their time cards). They have also produced their policies governing the
7 provision of meal and rest breaks and working off the clock. Defendants, however, have not
8 responded to plaintiffs' request for broader, classwide discovery, including names and contact
9 information, as well as time records and wage statements for the putative class members. *See*
10 Discovery Dispute [Docket No. 73].

11    After taking the plaintiffs' depositions, and providing the limited discovery identified
12 above, defendants have moved to deny class certification. Defendants argue that plaintiffs cannot
13 certify the class as pleaded because the alleged failures to provide meal and rest breaks,
14 uncompensated work off the clock, and failure to provide reporting pay are not capable of
15 classwide resolution and would require a host of individualized determinations. Plaintiffs oppose
16 the motion to deny certification, arguing that defendants should not be able to prevent plaintiffs
17 from uncovering the evidence they need to support their class certification motion.

18    Relatedly, after defendants filed the motion to deny certification, the parties submitted a
19 joint discovery dispute discussing defendants' refusal to provide classwide discovery. Plaintiffs
20 also move to extend the September 25, 2014 deadline for their motion for class certification,
21 arguing that defendants' refusal to produce discovery has prejudiced their ability to move for class
22 certification (as well as to oppose this motion).

## LEGAL STANDARD

24    "Before certifying a class, the trial court must conduct a 'rigorous analysis' to
25 determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v.*
26 *Am. Honda Motor Co., Inc*., 666 F.3d 581, 588 (9th Cir. 2012). The party seeking certification
27 bears the burden of showing that Rule 23 has been met. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.
28 Ct. 2541, 2551 (2011); *Conn. Ret. Plans & Trust Funds v. Amgen Inc*., 660 F.3d 1170, 1175 (9th

3

1   Cir. 2011), *aff'd*, 133 S. Ct. 1184 (2013). Rule 23(a) requires that plaintiffs demonstrate
2   numerosity, commonality, typicality and adequacy of representation in order to maintain a class
3   action. *Mazza*, 666 F.3d at 588. A Rule 23(b)(3) class action may be maintained if "the court
4   finds that the questions of law or fact common to class members predominate over any questions
5   affecting only individual members, and that a class action is superior to other available methods
6   for fairly and efficiently adjudicating the controversy."

**DISCUSSION**

**I.  MOTION TO DENY CERTIFICATION**

Defendants' motion to deny certification is premature because of posture of the litigation: defendants have refused to provide classwide discovery over plaintiffs' objections.

Defendants rely on *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935 (9th Cir. 2009), where the Ninth Circuit concluded that a defendant could move to deny certification prior to plaintiff moving for class certification and prior to the discovery cutoff. But *Vinole* was in a starkly different procedural posture than this case, which highlights the reason why I am denying defendants' motion. In *Vinole*, the plaintiffs admitted at the time of the hearing on defendants' motion to deny certification that they "had conducted significant discovery and did not intend to propound any additional discovery seeking information from Countrywide regarding the propriety of class certification." *Id*. at 943. Here, plaintiffs have not been able to secure any significant classwide discovery. Moreover, the Ninth Circuit found in *Vinole* that plaintiffs' "real complaint is not that they were deprived of adequate time in which to complete discovery, but that they 'didn't want to be on defendants' schedule," which was an insufficient reason to oppose defendants' motion to deny certification. *Id*.

Here, the issue is plaintiffs' ability to secure a reasonable amount of classwide discovery. They persuasively argue that such discovery is necessary for them to defeat defendants' motion and to bring their affirmative motion for class certification. *See, e.g., Holt v. Globalinx Pet LLC*, 2013 U.S. Dist. LEXIS 108009, *10 (C.D. Cal. July 30, 2013) (denying a motion to strike class allegations, concluding "this Court must not rule on the adequacy of the class certification until both parties have been afforded an adequate opportunity for discovery on the issue."); *In re Wal-*

4

*Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) (even where "plaintiffs' class definitions [were] suspicious and may in fact [have] been improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery"); *but see Zulewski v. Hershey Co.*, CV 11-05117-KAW, 2013 WL 1748054 (N.D. Cal. Apr. 23, 2013) (granting defense motion to deny certification and strike class claims where "Plaintiffs and their counsel have since had ample opportunity to conduct discovery regarding class certification.").

  I recognize the potential strength of defendants' arguments. The claims asserted in the *Brown* and *Amey* complaints are extremely broad – covering 10,000 potential class members and 16 different employment positions. Classwide discovery on such broad claims is an expensive proposition, especially where defendants believe that they will defeat certification of any class. But instead of stonewalling the discovery and filing their motion, defendants should have negotiated with plaintiffs over the scope of the class discovery and sought my intervention if they were not able to come to a reasonable agreement.

  In plaintiffs' opposition to the motion, they give clear indications that they intend to narrow their claims on class certification. For example, as to the missed meal and rest periods, plaintiffs believe that the evidence will support a more limited theory that defendants have a uniform policy of understaffing their theaters on weekend, holidays and premiere days. Oppo. at 9. On the off-the-clock work, plaintiffs' theory is that defendants have a company-wide policy of encouraging off-the-clock work. *Id.* at 1. And on reporting pay, plaintiffs' theory is that defendants had a policy of not paying employees for reporting pay when they were sent home early. *Id.* Similarly, plaintiffs argue that they may – depending on discovery – decide not to attempt to certify all 16 positions, but instead ask to certify only a few of them or propose sub-classes. Oppo. at 9-10.

  Given the limited evidence before me on this motion (primarily the testimony of the three named plaintiffs), even on plaintiffs' narrower theories and possible reduction in the number of positions they expect to certify, this case may be difficult to certify for class treatment. But plaintiffs must be given a fair opportunity to gather evidence to support their theories.

5

In light of the procedural posture of this case – including defendants' refusal to provide any classwide discovery regarding how it has applied its meal/rest break, reporting pay, and off-the-clock policies to the putative class members – I DENY defendants' motion to deny class certification. This is without prejudice to defendants re-raising the identical arguments after classwide discovery has been conducted or in opposition to plaintiffs' motion for class certification.

## II.     DISCOVERY DISPUTE

Plaintiffs and defendants were in the midst of a meet and confer process attempting to reach agreement on the scope and protocol for classwide discovery when defendants unilaterally terminated that process by filing the motion to deny certification. *See* Docket No. 73. At the September 3, 2014, hearing, I directed counsel to meet and confer about the scope of agreed-to classwide discovery. Counsel were able to reach an agreement and put their agreement on the recording during the hearing. Having resolved the issue, the parties' discovery dispute is moot.

## III.    PLAINTIFFS' MOTION TO CONTINUE CLASS CERTIFICATION DATES

As discussed at the hearing, I am disappointed by the plaintiffs' delay in bringing to my attention defendants' refusal to provide classwide discovery until August 2014. While plaintiffs and defendants were meeting and conferring about class wide discovery from May through August, the meet and confer process was neither swift nor efficient, and plaintiffs were apparently unconcerned that their motion for class certification was due to be filed by September 25, 2104. It is plaintiffs' duty to push their case forward expeditiously. Defendants' refusal to provide classwide discovery was an impediment that plaintiffs should have forced to a head sooner and raised to the Court in a more timely manner. While I GRANT plaintiffs' request to continue the class certification briefing dates, plaintiffs are cautioned that no additional continuances will be granted absent a strong showing of good cause.

The schedule for briefing on class certification – pursuant to the parties' agreement – is as follows:

Plaintiffs' motion for class certification shall be filed on January 21, 2015. Defendants' opposition is due on March 23, 2015. Plaintiffs' reply is due on April 13, 2015. The hearing on

1  plaintiffs' motion for class certification is on April 29, 2015 at 2:00 p.m.CONCLUSION

2        Defendants' motion to deny certification is DENIED.  In light of the parties' agreement

3  reached on September 3, 2014, the parties' discovery dispute is moot.  Plaintiffs' request to

4  continue the class certification briefing is GRANTED.

5        **IT IS SO ORDERED**.

6  Dated: September 5, 2014



WILLIAM H. ORRICK
United States District Judge