UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH AMEY, et al.,

   Plaintiffs,

  v.

CINEMARK USA INC, et al.,

   Defendants.

Case No. 13-cv-05669-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 88

   Currently before the Court is defendants' discovery dispute, challenging plaintiffs' responses to various requests for admissions, interrogatories, and requests for production. Docket No. 88. In response, plaintiffs have agreed – notwithstanding their objections – to provide supplemental responses to the contested discovery requests except for one. Docket No. 90. As such, plaintiffs are ORDERED to provide their supplemental responses and documents **within five days of the date of this Order**. Additionally, the Court DENIES the request to deem the requests for admission to plaintiff Amey as admitted because his responses were served four days late.

   With respect to the one remaining objection – to disclose of the identity and contact information for plaintiffs' investigator and the identity and contact information of defendants' employees who were contacted by the investigator – the Court DENIES the defendants' motion to compel a response. The Court agrees that the information sought is subject to a qualified work product privilege that can only be overcome by a showing of prejudice by defendants. *See, e.g., Coito v. Superior Court*, 54 Cal. 4th 480, 502 (2012) (work product privilege protects disclosure of information that "would reveal the attorney's tactics, impressions, or evaluation of the case, or would result in opposing counsel taking undue advantage of the attorney's industry or efforts."). Defendants cannot show prejudice to their ability to defend this action absent disclosure of the investigator information. Defendants can explore the issues of adequacy of counsel and

credibility/bias of witnesses in the ongoing depositions of those witnesses.[1]  As to the identification of witnesses, presumably, defendants have the contact information for all current and former employees so that they can adequately prepare their defense as they see fit.

**IT IS SO ORDERED**.

Dated: February 18, 2015



WILLIAM H. ORRICK
United States District Judge

---

[1] The Court notes that if witnesses are asked in their depositions about how they learned about this case and what they were told about this case, that basic information would not be protected as qualified attorney work product.