UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CINEMARK USA INC, et al.,<br><br>Defendants. | Case No. 13-cv-05669-WHO<br><br>ORDER DENYING LEAVE TO AMEND<br><br>Re: Dkt. No. 118 |

Following my Order denying plaintiffs' motion for class certification (Dkt. No. 115), plaintiffs move to file an amended complaint. They have failed to justify amendment of the complaint at this late stage of the proceedings and did not provide a complaint that would survive a motion to dismiss. The request to amend their pleadings is DENIED.

**BACKGROUND**

On May 13, 2015, I denied plaintiffs' motion for class certification. *Id.* I found that plaintiffs had failed to establish the requirements of Rule 23 for their claims of missed meal and rest breaks, failure to provide reporting time pay, and uncompensated overtime. *Id.* at 12-21. In addition, I concluded that plaintiffs failed to exhaust their administrative remedies with respect to their claim for violations of section 226(a)(9) under PAGA because the notice letter that plaintiffs sent to defendants was inadequate. *Id.* at 25.

I also dismissed the remainder of plaintiffs' claims under PAGA. *Id.* at 27-29. I stated that allowing a representative action to proceed is inappropriate "when the evidence shows, as it does here, that numerous individualized determinations would be necessary to determine whether any class member has been injured by Cinemark's conduct." *Id.* at 27. I determined that "the 'aggrieved employees' [under PAGA] are not defined with sufficient particularity to give Cinemark notice of the scope of the PAGA claim, and it would require too great a number of individualized assessments to determine the scope." *Id.* at 29. I granted plaintiffs leave to request

amendment of these non-wage statement claims in a supplemental brief, provided they demonstrated why amendment would not be futile or prejudicial to defendants. *Id.*

Plaintiffs also sought to certify a class for violations of section 226 based upon incorrect wage statements. I dismissed the wage statement claims because they were derivative of the other labor code violations. *Id.* at 31. I rejected plaintiffs' argument that the complaint pleaded a "direct" violation of section 226. *Id.* at 32. I concluded that "[t]o allow the plaintiffs, without amendment, to convert their derivative wage statement claim to a direct claim on a theory alleged nowhere in the complaint would be unfair to the defendants and improper as a matter of pleading." *Id.* at 33. I allowed plaintiffs leave to file a request to amend this claim in a supplemental brief "that addresses the standard of review for amending a class claim after certification has been denied, any argument concerning prejudice, and how discovery thus far would support an amended claim." *Id.* In doing so, I noted that "[i]t is quite late in this case to allow amendment, and I am concerned about the prejudice to Cinemark if I allowed amendment, as well as the ability of plaintiffs to plead a plausible wage statement claim under section 226 given the type of mistake alleged." *Id.*

Plaintiffs filed their supplemental brief on June 2, 2015, and included a Proposed Amended Complaint ("PAC"). Defendants filed a response on June 12, 2015.

**LEGAL STANDARD**

Defendants contend that plaintiffs "arguably should be required to meet the 'good cause' standard" of Federal Rule of Civil Procedure 16, pointing to the fact that I set a briefing schedule for the motion on class certification. Oppo. 3 (Dkt. No. 120). Because I did not set a deadline for amending the complaint, plaintiffs urge me to apply the more liberal standards of Federal Rule of Civil Procedure 15.

Courts grant leave to amend under Rule 15 with "extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (internal citations omitted). I look to several factors to determine whether leave to amend under Rule 15 is appropriate, including "[1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure deficiencies by amendments previously allowed, [3] undue prejudice to the

2

1  opposing party by virtue of allowance of the amendment, [and] [4] futility of amendment." *Id.* n.5
2  (internal quotations omitted). "The district court's discretion to deny leave to amend is particularly
3  broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911
4  F.2d 367, 373 (9th Cir. 1990) (internal quotations omitted). Absent prejudice or a "strong
5  showing" of any of these factors, called *Foman* factors, "there exists a *presumption* under Rule
6  15(a) in favor of granting leave to amend." *Capistrano Unified*, 654 F.3d at 985.

I need not resolve whether Rule 15 or Rule 16 applies in this case. Even under the Rule 15 standard, plaintiffs fail to establish that leave to amend should be granted.

## DISCUSSION

### I. PLAINTIFFS MAY NOT ADD A "DIRECT" CLAIM UNDER SECTION 226

Plaintiffs move to amend their complaint to include a "direct" violation of section 226, based upon the fact that defendants issued wage statements that listed the incorrect overtime rate. Mot. at 4 (Dkt. No 118). They seek only statutory damages. *Id.* Although they could have moved to include a "direct" section 226 claim at an earlier point, they do so now because my Order found that they failed to plead a "direct" claim under section 226 in their Complaint. *Id.*

Several *Foman* factors impel me to deny plaintiffs' motion. Although I did not set a deadline for amendment of the pleadings, plaintiffs had numerous chances to amend, and did amend twice. *See Brown v. Cinemark*, 13-cv-04030-WHO, Dkt. No. 1; *Popov v. Countrywide Fin. Corp.*, No. CIV 09-2780 GEBEFBPS, 2009 WL 5206679, at *1 n.3 (E.D. Cal. Dec. 18, 2009) ("Although the earlier amendment occurred in state court, [a] district court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.") (internal quotations omitted). In addition, in the stipulated Order Consolidating Cases, plaintiffs were directed to "seek to file a consolidated complaint." Dkt. No. 50. Plaintiffs never complied with request: the PAC is the first complaint that consolidates the causes of action of all three named plaintiffs.

Next, plaintiffs have not alleviated my concerns that amendment would be futile. The PAC fails to cure deficiencies that I identified in the Order denying class certification, in which I directed that plaintiffs "attach a proposed amended complaint to their amended claim with

sufficient detail to meet all of the requirements of a section 226 claim." Order at 33.

To plead a claim for a violation of section 226, "a plaintiff must show: (1) a violation of § 226(a); (2) the violation of § 226(a) was knowing and intentional; and (3) an injury suffered as a result of the violation of § 226(a)." *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1141 (E.D. Cal. 2012). Plaintiffs have failed to plausibly allege the second and third elements of the claim.

The PAC does not set forth any facts indicating that the defendants' violations of section 226 were knowing and intentional, as required by the second element. It cites only the language of the statute and states in a separate cause of action that "Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice." PAC ¶ 62 (Dkt. No. 118-1). There is no allegation, let alone facts to support, the second element of the plaintiffs' cause of action.[1]

In addition, plaintiffs did not adequately plead the third element of injury under section 226(a). The PAC states that plaintiffs "could not promptly and easily determine from wage statements alone that they were paid correctly." FAC ¶ 70. This does nothing more than recite the language of the statute, *see* CAL. LABOR CODE § 226(e)(2)(B), and does not sufficiently plead the element of injury. For example, in *York v. Starbucks Corp.*, the court concluded:

> Plaintiff would not be considered to have suffered an injury, within the meaning of section 226(e), simply because she had to perform basic math by adding the overtime and regular hours together, ensure that her overtime rate of pay was correct, and speculate on the possibility that she may have been underpaid. Instead, she would have to show that the information on her wage statement was either inaccurate or incomplete, i.e., it did not contain the hours worked or the regular hourly rate.

No. CV 08-07919 GAF PJWX, 2011 WL 4597489, at *4 (C.D. Cal. Aug. 5, 2011) (internal citations omitted); *see also Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011); *Jaimez v. DAIOHS USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010).

Although these courts come to slightly different conclusions on the amount of information

---

[1] Plaintiffs also incorrectly state that the venue for this action is in Los Angeles County. PAC ¶ 10.

that is necessary to plead an injury under section 226, they require that the plaintiff articulate *some* injury suffered other than the absence of information or a recitation of the statue. *See*, e.g., *Jaimez*, 181 Cal. App. 4th at 1306 ("While there must be some injury in order to recover damages, a very modest showing will suffice"); *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 374 (C.D. Cal. 2009) ("the types of injuries on which a Section 226 claim may be premised include the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked") (internal quotations omitted); *Yuckming Chiu v. Citrix Sys., Inc.*, No. SA CV 11-1121 DOC, 2011 WL 6018278, at *6 (C.D. Cal. Nov. 23, 2011). Plaintiffs have not attempted to allege even the minimum requirements of "injury": that they suffered confusion, had to complete mathematical calculations, or had to reconstruct time records. Therefore, they have not stated the third element of the section 226(a) claim.

That the proposed amended complaint ("PAC") is deficient underscores other *Foman* factors as well. As discussed, it appears that amendment would be futile since plaintiffs have still failed to present a viable claim. But if granting leave to amend were not futile, it would result in undue delay caused entirely by plaintiffs. Because the PAC fails to state a claim, plaintiffs would need to file yet another amended complaint addressing the concerns in this Order. This case has been ongoing for over two years, has undergone discovery, and has proceeded to the class certification stage where certification was denied on all the plaintiffs' pleaded claims. Plaintiffs' inability to plead their cause of action even after I directed them to do so with specific instructions after class certification was briefed and denied, *see* Order at 33, and after I warned them that no further continuances would be allowed,[2] demonstrates undue delay in this case. *See* Dkt. No. 80; *Mansfield v. Midland Funding, LLC*, No. 09CV358 L WVG, 2011 WL 1212939, at *6 (S.D. Cal. Mar. 30, 2011) (finding undue delay in bringing motion to amend at the time of class certification).

---

[2] When I continued the schedule for briefing on class certification, I cautioned that "no additional continuances will be granted absent a strong showing of good cause." Dkt. No. 80 at 6.

The same reasons also support a finding that defendants will be prejudiced by allowing amendment. Plaintiffs argue that they do not seek additional discovery prior to the expected motion for certification on this claim. Mot. 3. But I agree with defendants that they may need to "file a new Rule 12(b) motion, re-depose Plaintiffs, propound new written discovery, take new depositions of putative class members, [or] garner evidence to show they did not act 'knowingly and intentionally.'" Oppo. 8 (Dkt. No. 120). Plaintiffs' statement that the necessary discovery is complete is a one-sided assessment, and their argument that defendants will not suffer prejudice is misplaced. As defendants point out, the "direct" wage statement claim "focuses on whether the wage statements themselves satisfy section 226(a)," which was not the focus of prior discovery. Oppo. 14. At the very least, discovery would need to be conducted regarding the actual wage statements themselves.

In arguing that they will suffer prejudice, defendants also assert that plaintiffs violated the parties' prior stipulation and order. Oppo. 10. This directed plaintiffs to file a consolidated complaint that "shall be limited to the claims previously filed and which shall not seek to extend the statute of limitations beyond the limitations period currently applicable to the claims asserted in each case." Dkt. No. 50 at 2. The stipulation also provided that plaintiffs would file no more than one motion for class certification, "excluding amended motions for class certification pursuant to a court order." *Id.* Although defendants overstate the scope of the stipulation in arguing that plaintiffs violated its express terms, the stipulation does indicate that amendment will prejudice defendants, who relied on the representations that plaintiffs would file a consolidated complaint before moving for class certification and would not file more than one motion for class certification.[3]

For the reasons discussed, plaintiffs fail to satisfy even the liberal requirements of Rule 15. Because of (i) the prior amendments in this case, (ii) the deficiencies in the PAC, (iii) the late stage in the proceedings, and (iv) a strong showing of the *Foman* factors of undue delay and

---

[3] I do not reach the issue of whether plaintiffs' new theory of a direct wage statement violation relates back to the initial complaint, which asserted that derivative wage statement violations occurred.

prejudice to the defendants, I DENY plaintiffs' motion for leave to amend.

## II. PLAINTIFFS MAY NOT AMEND THEIR COMPLAINT TO INCLUDE ANY PAGA CLAIMS

In the Order, I dismissed with prejudice the section 226(a)(9) claims because plaintiffs' "notice letters did not give the LWDA or Cinemark any specific information regarding the potential violations, such as the fact that Cinemark listed the same pay rate for both overtime pay and regular pay." Order at 25. In doing so, I rejected plaintiffs' argument that they should be permitted to cure their failure to provide adequate notice, because the purpose of the notice requirement under PAGA is to provide information to both defendants and the LWDA. *Id.* ("[t]he failure to properly notify the LWDA, and possibly prevent future litigation, cannot be remedied.").

Even though I dismissed plaintiffs' section 226(a)(9) PAGA claims with prejudice and did not allow supplemental briefing on this issue, plaintiffs state that "Amey has now sent a more detailed letter, thereby curing the insufficiency that the Court found," and request leave to amend to assert a PAGA claim based on section 226(a)(9). Mot. 1. This request is inappropriate, and for the reasons discussed in the prior Order it is DENIED.

While I *did* permit the plaintiffs to request amendment of the other PAGA claims in their supplemental brief, they have not done so. Because plaintiffs have not addressed my concerns about manageability or demonstrated how they will identify aggrieved employees with adequate specificity, I conclude that they may not amend their complaint to include the remaining PAGA claims.

## CONCLUSION

Plaintiffs' request for leave to amend is DENIED. A Case Management Conference is set for August 4, 2015 at 2:00 p.m. The parties shall file a Joint Statement on or before July 28, 2015 that addresses a proposed schedule for resolving the individual claims.

**IT IS SO ORDERED**.

Dated: July 9, 2015



WILLIAM H. ORRICK
United States District Judge