United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH AMEY, et al.,
Plaintiffs,

v.

CINEMARK USA INC, et al.,
Defendants.

Case No. 13-cv-05669-WHO

**ORDER ON MOTION FOR CONTEMPT AND SANCTIONS**

Re: Dkt. No. 146

Defendants ask the Court to hold plaintiff's counsel Capstone Law APC in contempt and to sanction the firm for Capstone's alleged violation of the Protective Order in this case. Defendants allege that Capstone Law impermissibly used confidential absent class member contact information – months after the Court had denied plaintiffs' motion for class certification and while defendants' motion for summary judgment as to the three then-remaining plaintiffs was pending – to contact defendants' employees in an effort to instigate additional litigation against defendants. Dkt. No. 146. This matter is appropriate for resolution on the papers and the February 10, 2016 hearing is VACATED. Civ. L. R. 7-1(b).

Capstone Law opposes the motion, arguing that the class member contact list was not designated as confidential under the Protective Order and, therefore, there was no limit on its use by Capstone Law. But even if the class member contact information could be considered "Protected Material" under the Protective Order, Capstone Law contends that it properly used that information in order to seek (from an unidentified number of class members) information: "(a) to assess the value of the representative claims in the action to determine whether to appeal the Court's Orders; (b) to value the case for a potential class and/or PAGA settlement; and (c) to continue gathering witness and documentary evidence in support of the representative claims [] if a reversal is obtained on appeal." Dkt. No. 151.

Having reviewed the record before me, defendants' motion is DENIED. While the correspondence between the parties, and between defendants and the claims administrator, show

United States District Court
Northern District of California

that defendants considered the class member contact information confidential, there is no evidence that an express agreement to treat that information as confidential under the Protective Order was reached, or that defendants otherwise affirmatively designated the information as confidential under the Protective Order.

That said, so that there is no further doubt, all absent contact information received by Capstone Law from CPT Group is hereby designated as CONFIDENTIAL under the Protective Order in this case. Dkt. No. 68. Further, I observe that Capstone Law's explanations as to why they used the absent class member information in November 2015 – to gather information to value the case and to collect further discovery for continued litigation if this case is remanded after the planned appeal to the Ninth Circuit – ring hollow. At least two of the declarations provided by defendants' employees show that a main purpose of the contacts was to seek *additional* plaintiffs. Declaration of Jacqueline Brooks ¶ 4; Declaration of Chelsea McKenzie ¶¶ 3-4. Moreover, Capstone Law should have conducted a full factual investigation as to the value of the case prior to the parties' January 2015 mediation and conducted adequate factual discovery as to hours and conditions worked by class members prior to moving for class certification. Its use of this information brings no credit to the firm.

While the lack of an express agreement concerning the information in question leads me not to impose sanctions on Capstone Law, in order to prevent potential abuse of the class member contact information I ORDER Capstone Law to return all absent class member information received from CPT Group to defendants within five (5) days of the date of this Order. If plaintiffs prevail after an appeal to the Ninth Circuit, defendants shall promptly return that information to Capstone Law after the mandate issues so that counsel may use it consistently with the limitations imposed by the Protective Order.

**IT IS SO ORDERED**.

Dated: February 3, 2016



WILLIAM H. ORRICK
United States District Judge