UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CINEMARK USA INC, et al.,<br><br>    Defendants. | Case No. 13-cv-05669-WHO<br><br>**ORDER GRANTING MOTION TO CERTIFY CLASS**<br>Re: Dkt. No. 176 |

**INTRODUCTION**

Plaintiff Silken Brown, a former employee of Cinemark USA Inc., ("Cinemark") who worked for seven months at the theater in the San Francisco-Westfield Mall, claims that Cinemark is liable for failing to properly list overtime rates on wage statements; she seeks to represent a class of all current and former non-exempt employees of Cinemark's California theaters who were paid overtime compensation since December 3, 2011. Cinemark opposes certification on the basis that the proposed class definition is overbroad, Brown is not a typical or adequate class representative, and individual issues predominate. The direct wage statement claim is typical of the class claims and predominates; Brown is an adequate class representative. Her motion for class certification is GRANTED.

**BACKGROUND**

I have summarized the background of this case in two prior orders, and the parties are familiar with the facts here. *See* Dkt. Nos. 80, 115. The *Amey* complaint originally alleged causes of action on behalf of "all non-exempt" employees of defendants for: (i) failure to provide meal and rest periods (California Labor Code §§ 226.7, 512); (ii) unlawful failure to pay wages for all time worked (California Labor Code §§ 200-204, 510, 1194, and 1198); (iii) failure to provide

accurate itemized wage statements (California Labor Code §§ 226, 1174); (iv) failure to pay wages upon termination (California Labor Code § 203); (v) Unfair Business Competition (California Business & Professions Code § 17200); and (vi) violation of the Private Attorneys General Act ("PAGA") (California Labor Code § 2699). *See Amey* Compl. (Dkt. No. 1).

On September 5, 2014, I denied Cinemark's motion to deny certification of the class, and allowed class-wide discovery. *See* Order Denying Mot. to Deny Cert. (Dkt. No. 80). After discovery, plaintiffs sought certification. *See* Mot. Cert. 12 (Dkt. No. 84). Cinemark moved to deny certification, to dismiss the PAGA claims, and for judgment on the pleadings. Mot. J. on Pleadings (Dkt. No. 95); Mot. Dismiss 1-2 (Dkt. No. 82). I denied the motion for class certification, granted the motion to dismiss PAGA claims, and granted the motion for judgment on the pleadings as to the direct wage statement claim because plaintiffs had not sufficiently notified defendants of their wage statement claim. Order re Mot. for Class Cert., Mot. to Deny Class Cert., and J. on Pleadings (Dkt. No. 115).

The parties settled individual claims, but on March 4, 2016, plaintiffs Brown and De La Rosa appealed. Dkt. No. 156. Meanwhile, on December 7, 2017, the Ninth Circuit reversed and remanded my decision concerning the direct wage statement claim and the PAGA claim. Dkt. No. 159. The Ninth Circuit required a Rule 23 analysis of the direct wage claims because "the pleadings put Defendants on sufficient notice of California Labor Code §226(a) violations, whether direct or derivative." *Id*.

Accordingly, plaintiff Silken Brown moves again for class certification of the direct wage statement claim.[1] Brown's proposed class consists of all current and former non-exempt employees of Cinemark's California theaters since December 3, 2011 who were paid overtime compensation during at least one pay period. Mot. Cert. 2 (Dkt. No. 176). There are at least 843 class members. *Id*. at 7. From December 3, 2011 through December 1, 2014, Cinemark issued 66,527 wage statements with overtime pay rates that were incorrectly listed as the base hourly rate of pay. *See id*., Lee Decl., Ex. C.

---

[1] Plaintiff Amey has been dismissed from this matter and plaintiff De La Rosa worked outside the relevant class period beginning December 3, 2011.

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 23 governs class actions. *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 588 (9th Cir. 2012) ("Before certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23.") (internal quotation marks omitted). The party seeking certification has the burden to show, by a preponderance of the evidence, that certain prerequisites have been met. *See Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2550–51 (2011); *Conn. Ret. Plans & Trust Funds v. Amgen Inc.,* 660 F.3d 1170, 1175 (9th Cir. 2011).

Certification under Rule 23 is a two-step process. The party seeking certification must first satisfy the four threshold requirements of Rule 23(a). Specifically, Rule 23(a) requires a showing that: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

Next the party seeking certification must establish that one of the three grounds for certification applies. *See* FED. R. CIV. P. 23(b). Plaintiffs seek certification under Rule (b)(3), requiring them to establish that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

In the process of class-certification analysis, there "may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (internal quotation marks omitted). However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 1194-95. "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195.

**DISCUSSION**

## I. EVIDENTIARY OBJECTIONS

Before addressing the disputed definition of the class and the class certification motion, I will rule on Cinemark's evidentiary objections to the declarations of Silken Brown and Amber Lopez.

### A. Declaration of Silken Brown

Cinemark requests that I give no weight to Brown's declaration for four reasons: (i) it is inconsistent with deposition testimony; (ii) it is outdated; (iii) it does not attach paystubs as it purports to; and (iv) it contains old claims that are now irrelevant or moot. Opp. to Class Cert. (Dkt. No. 177). I overrule Cinemark's objection.

In my prior Order, I noted that depositions often contradict declarations. *See* Order (Dkt. No. 115). Cinemark cited then, and cites now, *Yeagar v. Bowlin*, 693 F.3d 1076, 1080–81 (9th Cir. 2013), claiming that contradictory declarations should be disregarded. *Id.* at 9. I concluded then that *Yaeger* did not require that I strike declarations that contradict deposition testimony. For the same reason, inconsistency between declarations and depositions does not require that the declaration should be given absolutely no weight.

The date of the declaration, January 19, 2015, also does not independently justify affording it no evidentiary weight. Cinemark claims that, based on the 2015 declaration, the court cannot determine if Brown still intends to serve as class representative or if her interests align with the class. Contrary to these concerns, I see no reason to doubt Brown's commitment, especially after she successfully appealed the denial of class certification and filed the second motion for class certification. The 2015 declaration also includes a section expressly requesting to be class representative. *See* Mot. Cert., Brown Decl. (Dkt. No. 176).

Cinemark challenges Brown's declaration for purporting to have paystubs but failing to attach any. Brown does not address this issue in her reply brief, but her counsel's declaration includes paystubs attached within Exhibits A and D to which Cinemark does not object. *See* Mot. Cert., Lee Decl. (Dkt. No. 176). It is inappropriate for me to give the declaration no weight on this basis when Cinemark, and I, have evidence of Brown's paystubs attached elsewhere with her

4

motion for class certification.

Lastly, Cinemark is correct that many of the allegations in the 2015 declaration are now irrelevant to the current motion for class certification of the direct wage claim only. I will not consider aspects of the declaration that are irrelevant. I will consider the declaration for the limited support it provides, and of course afford greater weight to deposition testimony. *See Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2014 WL 5877695, at \*12 (N.D. Cal. Nov. 12, 2014) ("this evidence carries less weight than spontaneous statements made [in] putative class members' depositions, particularly where the deposition testimony is at odds with the declaration.").

### B.     Declaration of Amber Lopez

Cinemark raises nearly identical arguments as to Amber Lopez's declaration, with the additional point that Lopez's declaration relates to wage statement issues outside the applicable statute of limitations. Opp. to Class Cert. (Dkt. No. 177). Lopez claims to have noticed problems with her overtime hours but only "towards the beginning of [her] employment before [she] switched to direct deposit." Mot. Cert., Ex. E (Dkt. No. 176). She started work before the putative class period but her declaration does not say when she switched to direct deposit. I will sustain Cinemark's objection; Lopez's declaration is irrelevant.

## II.    THE PROPOSED CLASS DEFINITION

Cinemark asserts that the proposed class definition is overly broad because the class is broader than what was originally alleged in Brown's complaint. I will allow the definition as proposed in the briefing.

Cinemark contends that Brown is limited by her original complaint, which only sought recovery on behalf of concession workers and ushers during a shorter class period. *See* Opp. at 18 (citing *Richie v. Blue Shield of California*, 2014 WL 6982943, at \*13-15 (N.D. Cal. Dec. 9, 2014) ("Generally, a plaintiff may only seek to certify a class as defined in a complaint.")). It argues first that since Amey's claims have been dismissed, the *Amey* complaint is no longer at issue. It then asserts that Amey's claims cannot relate back Brown's complaint. Finally, it contends that the proposed class definition now violates the parties' consolidation agreement because it takes the

5

longer limitations period from Brown's complaint and the broader membership in Amey's complaint.

Brown responds that the current class certification motion is consistent with my prior orders, and I agree. Originally, I consolidated cases filed by Brown and Amey "for all purposes, including but not limited, to...class certification..." and I ordered "that the cases be treated as one action going forward." Order Consolidating Cases (Dkt. No. 50). The putative class was pleaded between the *Amey* and *Brown* complaints, and included all non-exempt employees covering 16 different job positions within Cinemark. Order Denying Mot. to Deny Cert. (Dkt. No. 80). It also included a proposed class period applicable to claims in each case. Dkt. No. 50. That Amey's individual claims were dismissed does not override the consolidation of the class allegations, or support a change away from treating the complaints as one action going forward.

Cinemark relies on two cases outside this circuit, arguing that the *Amey* complaint can no longer be a part of this case and cannot relate back to the *Brown* complaint. *See Intown Props. Mgmt. Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164 (4th Cir. 2001) (consolidation does not combine suits into a single cause); *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406 (7th Cir. 1990) (consolidation does not make a second suit an amendment of the first suit). These cases are not particularly helpful. In *Intown Props. Mgmt.*, the Fourth Circuit found that consolidation did not merge suits into a single cause for purposes of allowing late plaintiffs to skirt the applicable statute of limitations; it is not on point here. 271 F.3d 164, 168 (4th Cir. 2001). Likewise, in *Bailey*, the Seventh Circuit partially consolidated racial discrimination and retaliation cases to conduct a single jury trial, but found the later suit did not relate back to the original because they arose from different circumstances and facts. 910 F.2d 406, 413 n. 9 (7th Cir. 1990). Neither case involved a class action where the court ordered consolidation for all purposes and as one action moving forward. My consolidation order still warrants treating the complaints as one action, and I will not limit the proposed class definition here.

### III. CLASS CERTIFICATION OF THE DIRECT WAGE STATEMENT CLAIM

The present motion seeks to certify a putative class consisting of "[a]ll current and former non-exempt employees who worked for Defendants in California at any time from December 3,

6

2011 through the present, and were paid overtime compensation during at least one pay period," for the direct wage statement claim pursuant to Rule 23. Mot. Cert. 7. Cinemark only disputes the typicality and adequacy requirements of Rule 23(a), and the predominance requirement of Rule 23(b). I address each disputed class certification requirement below.

### A. Typicality

For class certification, Brown's claims must be typical of claims advanced by the class. FED. R. CIV. P. 23(a)(3). The typicality test is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). "Under the rule's permissive standards, representative claims are 'typical' if they are *reasonably co-extensive* with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (emphasis added). Unique defenses against a class representative "counsel against class certification only where they threaten to become the focus of the litigation." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal quotations and citation omitted).

Cinemark challenges typicality, claiming that Brown is subject to unique defenses such as a lack of standing and mootness because she settled her individual claim. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("Class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to [her].").[2] Brown's settlement agreement states that she "will retain her personal stake

---

[2] It is not uncommon in this circuit to analyze typicality separate from standing. *See e.g.*, *Yamner v. Boich*, No. C-92-20597 RPA, 1994 WL 514035, at *6 (N.D. Cal. Sept. 15, 1994) ("regardless of whether non-reliance and lack of standing are possible defenses, the Plaintiff has sufficiently demonstrated that his claim arises from the same event and course of conduct."); *Backus v. ConAgra Foods, Inc.*, No. C 16-00454 WHA, 2016 WL 7406505, at *5 (N.D. Cal. Dec. 22, 2016) ("The present issue is not whether Backus has standing to bring a mislabeling claim but whether he should be permitted to assert that claim on behalf of a class."); *see also Waldrup v. Countrywide Fin. Corp.*, No. 213CV08833CASAGRX, 2018 WL 799156, at *8 (C.D. Cal. Feb. 6, 2018) (limiting standing considerations in typicality analysis to situations where the sole named plaintiff never had standing or was time barred). However, since Cinemark makes this its central argument against certification, I address it in detail below.

7

and continued financial interest in the advancement of the class claims and the Private Attorneys General Act ("PAGA") claims." Vicente Decl., Ex. A (Dkt. No. 178-1). Despite this attempted carve out, Cinemark points to language in the settlement agreement that "Plaintiff agrees to settle, release, and waive any and all individual claims against Defendants…for any and all individual claims raised or that could have been raised in the Action through the date of the Agreement." *Id*. It contends, therefore, that Brown is no longer a member of the class she attempts to represent since she voluntarily settled her claims. *See Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576, 1592 (2009) ("Having voluntarily settled, she is, by her own choice, no longer a member of the class and cannot share in any such recovery."). It further argues that Brown's interest in attorneys' fees is insufficient to confer standing. *See* Opp. at 10–11.

I disagree with Cinemark's analysis. The court in *Watkins* recognized that in federal class actions, plaintiffs "might voluntarily enter into a settlement agreement in order to present the certification [denial] to the Court of Appeals without further expending [the parties'] resources;" adding that such plaintiffs are not fully satisfied by settlement. *Id*. (internal quotations and citations omitted). While Brown settled her individual claims, the parties agreed that she would retain her personal stake in the advancement of the class claims. *See* Vicente Decl., Ex. A (Settlement Agreement) (Dkt. No. 178-1). Her remaining interest is economic in nature, "shift[ing] part of the costs of litigation to those who will share in its benefits if the class is certified and ultimately prevails," and is related to her PAGA claims interest in class certification. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (citing *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 336 (1980); *United States Parole Commission v. Geraghty*, 445 U.S. 388, 403 (1980)).

*Narouz v. Charter Commc'ns*, 591 F.3d 1261, 1265 (9th Cir. 2010) is on point. There, the Ninth Circuit held that a class representative who voluntarily settled his individual claims, but retains a personal stake in the action, "retains jurisdiction to appeal the denial of class certification." *Id*. at 1264. Cinemark attempts to distinguish *Narouz*, arguing that there were no claims to be litigated on remand in that case since it involved a class settlement, and that plaintiff's interests in an enhancement award were definite unlike here. *See* Opp. at 9. But more important

8

is that Brown expressly retained her personal stake, including her "continued financial interest in the advancement of the class claims," whether or not an enhancement award is in the future. Vicente Decl., Ex. A (Dkt. No. 178-1). *Narouz* makes clear that a class representative may retain her interest in the class if her individual settlement agreement specifically carves out a personal stake. 591 F.3d at 1264 ("a settlement agreement that specifically provides that the class representative is solely releasing individual claims may permit the class representative to retain a 'personal stake' in the class claim."). Cinemark relies in part on *Bernor v. Takeda Pharm. Am., Inc.*, for the position that once Brown settled and released her claims before class certification, her claims became moot. 2018 WL 588563, at *5 (C.D. Cal. Jan. 25, 2018) ("When Plaintiffs settled and released their claims against Defendants before the putative class was certified, their claims became moot, thereby depriving the Court of subject matter jurisdiction."); *see also Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920 (9th Cir. 2007) (finding that non-party class members had moot claims after plaintiffs voluntarily dismissed their claims with prejudice). But *Bernor* is inapposite. It involved a motion to add new plaintiffs after all the existing named plaintiffs settled and released their claims with no reservation of rights. Brown expressly retained her right to appeal in this case, and effectively did so to continue representing the putative class.[3]

The correct inquiry for typicality is whether Brown suffered the same type of injury from Cinemark's conduct as other class members. *Hanon*, 976 F.2d at 508 ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."). Brown was a California employee for Cinemark for seven months during the putative class period, and she was given the same allegedly incorrect wage statements

---

[3] Cinemark also asserts that an interest in attorneys' fees is not enough for standing. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 866-867 (9th Cir. 2017) ("a case or controversy sufficient to confer Article III jurisdiction exists only when succeeding in the litigation will afford 'the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.'"). This argument is irrelevant as Brown maintained her personal stake in the advancement of the class claims, as described above.

9

as other class members. Her asserted injury at the time of the alleged inaccurate wage statements was identical to those of absent class members and stems from the same conduct by Cinemark. Typicality is satisfied.

### B. Adequacy of Representation

Finally, Rule 23(a)(4) requires Brown to be deemed capable of adequately representing the interests of the entire class, including absent class members. *See* FED. R. CIV. P. 23(a)(4) (requiring "representative parties [who] will fairly and adequately protect the interests of the class"). The adequacy inquiry turns on: (i) whether the named plaintiff and class counsel have any conflicts of interest with other class members; and (ii) whether the named plaintiff and class counsel can vigorously prosecute the action on behalf of the class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). The concern over unique defenses preoccupying the representative "can go to either the typicality or adequacy of class representatives." *Petersen v. Costco Wholesale Co.*, Inc., 312 F.R.D. 565, 577 (C.D. Cal. 2016). Ultimately, the adequacy of the class representative is a question under the court's discretion. *Plumlee v. Pfizer, Inc.*, No. 5:13-CV-0414-LHK-PSG, 2014 WL 4275553, at *3 (N.D. Cal. Aug. 29, 2014).

Cinemark argues that since Brown has settled her individual claim, she does not have an incentive to represent the class and her interests no longer align with the class. *See* Opp. at 12. Brown indicates that she has no conflicts of interest with the class and that there is no evidence of antagonism. Mot. Cert. 14. As discussed in the typicality analysis, she retained her personal stake and financial interest in the advancement of the class claims and the PAGA claims. At the hearing, Brown's counsel attested to her continued interest in being class representative.

Cinemark questions whether Brown will vigorously pursue her claims on behalf of the putative class without a personal financial interest in the settlement. Brown has demonstrated and is demonstrating vigorous pursuit of the claims. Brown and her counsel have been litigating this case for years, completing an individual settlement with the intent to appeal, prevailing on that appeal, and now pursuing a second class certification motion for the direct wage claim. Brown's counsel has ample experience in prosecuting wage and hour class actions such as this case. *See* Mot. Cert., Grant Decl. The adequacy requirement is satisfied.

### C. Predominance

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). The predominance analysis "focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1022). Predominance is generally satisfied if a party can show that an employer used a standard policy that was uniformly implemented. *See Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008) *aff'd sub nom. Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010) ("When the claim is that an employer's policy and practices violated labor law, the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability."). The predominance inquiry "begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund v. Halliburton Co.,* 131 S. Ct. 2179, 2184 (2011) (quoting FED. R. CIV. P. 23(b)).

To recover damages for Cinemark's failure to accurately reflect overtime pay in their wage statements, an employee must demonstrate an injury that resulted from a knowing and intentional failure to comply with California Labor Code section 226(a), which states, "[e]very employer shall,...furnish each of his or her employees,...an accurate itemized statement in writing showing...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). To be "knowing and intentional," Brown needs to prove Cinemark "knew that its wage statements did not contain the [applicable hourly rates]" and "intentionally issued standardized wage statements to its employees." *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1131 (N.D. Cal. 2014). If deficient wage statements were issued over several years to multiple employees, their issuance cannot be excused as inadvertence or mistake. *Yadira v. Fernandez*, No. C-08-05721 RMW, 2011 WL 2434043, at *3 (N.D. Cal. June 14, 2011).

Brown alleges that Cinemark uniformly issued standardized wage statements to all

11

employees, knowingly and intentionally, that did not correctly list the hourly rates for overtime.[4] Evidence of this claim includes 66,527 wage statements issued by Cinemark between December 3, 2011 and December 1, 2014, listing an overtime rate that was not correct. *See* Mot. Cert, Ex. C (Resps. to Interrogatory No. 13); Ex. D (Smith Dep. at 207:5-211:12). Cinemark admitted that wage statements for certain pay categories issued between December 3, 2011 and December 1, 2014 "reflected the same hourly rate (that is, the regular rate of pay) alongside regular hours worked and overtime hours worked." It denies that this error was uniform across all wage statements. *See* Cinemark's Resp. to Amey's RFA Nos. 1 and 2, Lee Decl. Ex. B (Dkt. 176-2). It estimated that 7,681 wage statements during the same time period (less than 11% of the total) showed a different hourly rate of pay alongside regular hours worked and overtime hours worked. *See* Cinemark's Resp. to Amey's Special Interrog. No. 13, Lee Decl. Ex. C (Dkt. 176-2). Cinemark may raise this issue on the merits; if it does so, it will be attacking a common issue with common proof (the wage statements).

The central issue is whether the injury required for damages is proven with actual individual injury or is presumed by the error that appeared on the 66,527 wage statements. If an injury under Section 226(e) is presumed from the erroneous wage statements, there is little individualized inquiry required to establish liability and common questions would predominate. Cinemark relies on several cases, including *Price v. Starbucks*, 192 Cal.App. 4th 1136 (2011), to claim that the requisite injury in this case must be individually demonstrated from the missing information and may not be presumed. Brown responds that the cases cited by Cinemark predate or do not account for the 2013 amendment to the Labor Code, which contains plain language that employees are "deemed to suffer injury for purposes of this subdivision" when their wage statements contain errors. Cal. Lab. Code § 226(e)(2)(B).

The prevailing view of the courts that have considered this question is that the 2013

---

[4] Plaintiff requests judicial notice of a Department of Industrial Relations Opinion Letter that explains wage statement requirements. I GRANT judicial notice, as it is a department record and undisputed by the parties. *Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064 n. 7 (9th Cir.1998) (holding that state health department records were proper subjects of judicial notice); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001) (judicially noticing undisputed matters of public record but not disputed facts stated therein).

12

amendment to the Labor Code "clarified the injury requirement, rather than propounding a 'substantive shift' in the law." *Cabardo v. Patacsil*, 248 F. Supp. 3d 1002, 1012 (E.D. Cal. 2017) (quoting *Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 WL 5072039, at *9 (N.D. Cal. Aug. 27, 2015)). The amendment codified an objective standard, that "an employee who 'cannot promptly and easily determine from the wage statement alone' requirements under § 226(a) has suffered an injury." *Boyd v. Bank of Am. Corp.*, 109 F. Supp. 3d 1273, 1308 (C.D. Cal. 2015). In opposition and at the hearing, Cinemark argued that simple math can be done to determine whether the wage statement was accurate. But the cases it relies on involved missing information on wage statements, not inaccurate information regarding the overtime rate.

In this case, damages are determined by the objective standard of an injury under the 2013 amendment. Whether a putative class member can promptly determine information as required by 226(a) is a common question with a common form of proof. Cinemark's liability for the direct wage statement claim is answerable by common forms of proof like Cinemark's "uniform wage statements, and testimony of leadership at [Cinemark] regarding knowledge and intent" of any errors in the wage statements. *Clemens v. Hair Club for Men*, LLC, No. C 15-01431 WHA, 2016 WL 1461944, at *8 (N.D. Cal. Apr. 14, 2016). This satisfies the predominance requirement.

## CONCLUSION

Accordingly, Brown's class certification motion is GRANTED. Brown shall be appointed class representative, and Capstone Law APC shall be appointed class counsel, for a class certified with the following definition: all current and former non-exempt employees of Cinemark's California theaters since December 3, 2011 who were paid overtime compensation during at least one pay period.

**IT IS SO ORDERED.**

Dated: August 16, 2018

William H. Orrick
United States District Judge