UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILKEN BROWN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>CINEMARK USA, INC., et al.,<br><br>        Defendants. | CASE NO.: 3:13-CV-05669-WHO<br><br>Hon. William H. Orrick<br><br>**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    March 13, 2019<br>Time:   2:00 p.m.<br>Courtroom 2 (Seventeenth Floor) |

The Court, having reviewed Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, the Declaration of Raul Perez, the parties' Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement"), and the Notice of Class Action Settlement ("Notice"), and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements; and to conduct a Final Approval Hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Settlement Agreement, incorporated in full by this reference and made a part of this Order of Preliminary Approval, appears to be for an amount that is within the range of reasonableness of a settlement which ultimately could be given final approval by this Court; the Court notes that Defendant Cinemark USA, Inc. ("Defendant") has agreed to pay the Class Settlement Amount of Two Million Nine Hundred Thousand Dollars and No Cents ($2,900,000.00) to the Class, the Class Representative, Class Counsel, the Settlement Administrator, and the California Labor & Workforce Development Agency, in full satisfaction of the claims as more specifically described in the Settlement Agreement.

2. It further appears to the Court, on a preliminary basis, that the proposed settlement is fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to class decertification, liability and damages issues, and potential appeals of rulings. It also appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

3. It further appears to the Court that significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the parties at this time are able to evaluate their respective positions reasonably. It also appears that the proposed settlement has been reached as the result of intensive, informed and non-collusive negotiations between the parties.

4. It further appears to the Court, on a preliminary basis that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members

of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the common questions of law and fact predominate over questions affecting only individual members of the Class; (d) Plaintiff's claims are typical of the claims of the Class; (e) Plaintiff will fairly and adequately protect the interests of the Class; and (f) a class action is superior to other available methods for the fair and efficient resolution of the action.

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED, PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN THE SETTLEMENT AGREEMENT.

5. The Court finds, on a preliminary basis, that Plaintiff Brown, and Plaintiff's attorneys have fairly represented and protected the interests of the Class.

6. It further appears to the Court that Simpluris, Inc. is qualified to serve as the settlement administrator for purposes of this settlement.

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

7. The Class covered by this Order is defined as:

> All current and former non-exempt employees of Cinemark's California theaters who worked as an usher or concession worker from December 3, 2011 until July 31, 2014, or in any other non-exempt position from July 25, 2012 until July 31, 2014, and who were paid overtime compensation during at least one pay period.

8. The Court finds Plaintiff Silken Brown to be an adequate representative of the Class;

9. Counsel for the Class ("Class Counsel") are: CAPSTONE LAW APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this order.

10. The Court hereby appoints Simpluris, Inc. as the settlement administrator for purposes of this settlement (the "Settlement Administrator").

11. The Court finds that the Notice advises of the pendency of the Class Action and of the proposed settlement, of preliminary Court approval of the proposed settlement, procedures and timing for requests for exclusion, objection timing and procedures, and of the Final Approval Hearing. These documents fairly and adequately advise Class Members of the terms of the proposed settlement and the benefits available to Class Members thereunder, as well as their right to opt-out and procedures for doing so, and of the right of Class Members to file documentation in opposition to the proposed settlement, and their right to appear at the Final Approval Hearing; the Court further finds that the Notice clearly comports with all constitutional requirements, including those of due process.

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED NOTICE.

12. The mailing of the Notice to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of their rights with respect to the Class Action and settlement.

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

(a) On or before 30 days after entry of Preliminary Approval, the Settlement Administrator shall mail the Notice to each member of the Class; and

(b) All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendant's records, as well as addresses that may be located by the Settlement Administrator, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and are reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

13. IT IS FURTHER ORDERED that to be considered valid and timely any:

(a) Request for Exclusion Forms must be postmarked or faxed and received by the settlement administrator within the longer of: (i) 45 days after mailing of the Notice to members of the Class; or (ii) for Class Members who are re-mailed Notice by the Settlement Administrator, ten (10) days from the original Response Deadline; and

1         (b)        Objections, both as to the Settlement and Class Counsel's request for attorneys' fees and/or costs, must be filed with the Court within forty-five (45) days after the mailing of the Notice to members of the Class. To ensure adequate time for the Settlement Class to object to such fee request, Settlement Class Counsel shall file their fee request no more than ten (10) days after the mailing of the Notice to members of the Class.

14. Given the Court's preliminary approval of the Settlement at this time, IT IS FURTHER ORDERED THAT Defendant shall, if it has not already done so, provide notice of this Class Action Settlement to the Attorney General of the United States, the California Attorney General, and any other state attorneys general where Settlement Class Members reside within 10 days of the date of this Order in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

15. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned on _____, 2019 at ____ a.m. in Courtroom 2 (Seventeenth Floor) at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees, litigation expenses, incentive awards, and for costs of settlement administration incurred.

16. IT IS FURTHER ORDERED that no Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Class Members' Settled Claims, as defined in the Settlement Agreement, against Defendants in any court or tribunal unless he or she opts out of the Class.

17. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to the settlement, to inform the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendants, shall be heard in

opposition to such matters unless such person has complied with the conditions set forth in the Notice which conditions are incorporated herein.

18. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date (as defined in the Settlement Agreement) does not occur for any reason whatsoever, the proposed Settlement Agreement and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

19. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated: _____, 2019

                                                      William H. Orrick
                                          UNITED STATES DISTRICT JUDGE