UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMEY, et al., <br>            Plaintiffs, <br>     v. <br> CINEMARK USA INC, et al., <br>            Defendants. | Case No. 13-cv-05669-WHO <br><br> **ORDER GRANTING FINAL APPROVAL AND AWARD OF ATTORNEY FEES AND COSTS** <br><br> Dkt. Nos. 208, 209, 211 |

On September 4, 2019, the parties' motion for final approval of their Joint Stipulation of Class Action Settlement and Release of Claims and Joint Stipulation re Uncashed Checks (collectively, the "Settlement Agreement"). There were no objections submitted to the Settlement Agreement, and no one other than counsel for the parties appeared at the hearing.

In accordance with the Preliminary Approval Order, Class Members have been given adequate notice of the terms of the Settlement Agreement and their right to participate in, object to, or opt-out of the settlement. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the United States Attorney General, the California Attorney General, and the attorney generals of any and all other states where Class Members resided at the time notice was issued have been given notice of the settlement of this action.

Having considered the Settlement Agreement (the terms of which are expressly incorporated in full by this reference and made a part of this Order), the supporting papers filed by the parties, the application for final approval of the settlement, the application for an award of Class Counsel's attorneys' fees and reimbursement of costs, the application for incentive award for the Class Representative, the request for reimbursement of the costs of the Settlement Administrator, the proposed PAGA allocation, and the evidence and argument received by the Court at the Final Approval Hearing on September 4, 2019, I GRANT final approval of the

settlement, and ORDER as follows:

1. The Class covered by this Order is defined as:
All current and former non-exempt employees of Cinemark's California theaters who worked as an usher or concession worker from December 3, 2011 until July 31, 2014, or in any other non-exempt position from July 25, 2012 until July 31, 2014, and who were paid overtime compensation during at least one pay period.

2. Pursuant to the Preliminary Approval Order, a Notice of Class Action Settlement was sent to each Class Member by first-class mail. The Notice informed Class Members of the terms of the settlement, their right to object to or opt-out of the settlement to pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing to be heard regarding approval of the settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the settlement as part of this notice process or stated his or her intent to appear at the Final Approval Hearing. Three class members opted-out. Declaration of Mary Butler [Dkt. No. 211-2] ¶ 14.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. The Court further finds and determines that the terms of the settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not opted out shall be bound by the Settlement Agreement, that the settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated.

5. In its Preliminary Approval Order, the Court previously found, and now reaffirms, that the allocation of settlement proceeds to the claim brought pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("PAGA") as set forth in the Settlement Agreement is fair and reasonable to the State of California.

6. The Court finds that Defendants have fully complied with CAFA's notice requirements.

7. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement Agreement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to the Class Members out of the Two Million Nine Hundred Thousand Dollars and No Cents ($2,900,000.00) Class Settlement Amount in accordance with the terms of the Settlement Agreement.

8. The Court hereby grants and approves the application presented by Settlement Class Counsel for an award of attorneys' fees in the amount of $966,667, to be paid in accordance with the terms of the Settlement Agreement.

9. The Court hereby grants and approves the application presented by Class Counsel for an award of costs in the amount of $39,562.34, to be paid in accordance with the terms of the Settlement Agreement.

10. The Court hereby grants and approves the application presented by the Class Representative for an enhancement payment in the amount of $10,000 for Plaintiff Brown, to be paid in accordance with the terms of the Settlement Agreement.[1]

11. The Court hereby grants and approves the application for payment of costs of administration of the Settlement in the amount of $32,749 for the fees and expenses of Simpluris, Inc., the settlement administrator approved by the Court (the "Settlement Administrator").

12. Within twenty-one (21) days after the distribution of the settlement funds and payment of attorneys' fees, the parties should file a Post-Distribution Accounting and written certification of such completion from the Settlement Administrator with the Court.

13. Upon the Effective Date of the Settlement (as defined in paragraph I.K of the Settlement Agreement), all Class Members who did not submit a valid Request For Exclusion Form release Defendants and each of their respective past, present and future owners, stockholders, all present and former parents, related or affiliated companies, subsidiaries, officers,

---

[1] The administrative motion to seal Dkt. No. 208 is GRANTED.

3

directors, shareholders, employees, principals, heirs, representatives, accountants, agents, attorneys, representatives, auditors, consultants, insurers and re-insurers, and their respective predecessors or successors in interest and each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any other individual or entity which could be jointly liable with Defendants (the "Released Parties") from the "Settled Claims," as defined below, during the Settlement Class Period, which is defined in the Settlement Agreement as December 3, 2011 to the date the Court preliminarily approved the Settlement.

14. The "Settled Claims" are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, whether for economic damages, non-economic damages, restitution, civil or statutory penalties, wages, liquidated damages, interest or attorneys' fees or costs, arising from the same set of operative facts alleged in Complaints litigated in this case (*i.e.*, the Second Amended Complaint filed by Plaintiff Brown and the Complaint filed by Joseph Amey (collectively the "Operative Complaints")), for direct and derivative wage statement violations (including claims for failure to keep accurate records and failure to provide accurate wage statements), and PAGA penalties associated with such alleged wage statement violations (the "PAGA Claims"). The Settled Claims specifically include any and all claims to recover civil penalties, statutory penalties, or damages under Labor Code § 226 or Labor Code § 226.3 and the PAGA for any alleged violation of Labor Code § 226, and any claims under Business and Professions Code § 17200 and all applicable Industrial Wage Commission Wage Orders related to direct or derivative wage statement claims as alleged in the Operative Complaints. The Settled Claims are those that accrued during the Settlement Class Period.

15. Pursuant to the Settlement Agreement, all Class Members (except for those who timely submitted Request for Exclusion Forms) are permanently barred from prosecuting the Released Parties for any Settled Claims.

16. The parties are hereby ordered to comply with the terms of the Settlement Agreement.

17. Without affecting the finality of this Final Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement Agreement.

18. This action and the Settled Claims are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: September 6, 2019

William H. Orrick
United States District Judge